IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| ROGER WHITE, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION FILE |
| | : NO. 3:11-974-CMC |
| RECEIVABLES MANAGEMENT CORPORATION, a South Carolina Corporation, | : |
| Defendant. | : |

**COMPLAINT FOR DAMAGES**
**INTRODUCTION**

1. This is an action for damages against the defendant for violations of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq.

**SUBJECT MATTER JURISDICTION**

2. Subject matter jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337 (federal question jurisdiction).

**PARTIES AND PERSONAL JURISDICTION**

3. Plaintiff is a resident of South Carolina and is authorized by law to bring this action.

8

4. Defendant, RECEIVABLES MANAGEMENT CORPORATION, is a limited partnership formed under the laws of the State of South Carolina and is actively engaged in business in this. [Hereinafter, said Defendant is referred to as "RMC"].

5. RMC transacts business in this state and has a principal place of business in Columbia.

6. Venue is proper in this division as the defendant has its principal place of business and a registered agent in the Columbia division.

7. RMC's transactions in this state give rise to the Plaintiff's cause of action.

8. RMC is subject to the jurisdiction and venue of this Court.

9. RMC may be served by personal service upon its registered agent in the State of South Carolina, to wit: Christopher H. Ray, 2303 Devine St., Columbia, SC 29250.

10. Alternatively, RMC may be served by personal service on an officer or authorized agent at its principal place of business, to wit: 1601 Shop Road, Suite D, Columbia, S.C. 29201.

11. Alternatively, RMC may be served by personal or substitute service pursuant to the Federal Rules of Civil Procedure and, as applicable, the laws of the State of South Carolina.

**FACTS COMMON TO ALL CAUSES**

12. RMC uses the mails in its business.

13. RMC uses telephone communications in its business.

14. The principle purpose of RMC's business is the collection of debts.

15. RMC regularly collects or attempts to collect debts owed or due, or asserted to be owed or due, another.

16. RMC is a debt collector subject to the provisions of the Fair Debt Collection Practices Act.

17. In the course of attempting to collect a consumer debt allegedly due from Plaintiff to a business not a party to this litigation, RMC communicated with Plaintiff in a manner which violated the Federal Fair Debt Collection Practices Act.

18. The alleged debt which RMC attempted to collect from the plaintiff was incurred for personal, family or household purposes.

19. During the preceding 12 months, RMC left a series of one or more telephone messages for Plaintiff requesting a return call.

8

20. In at least one of the messages, RMC did not meaningfully disclose its identity.

21. In one or more of the messages, RMC did not state that the communications were from a debt collector.

22. In at least one of the messages, RMC did not state that the purpose of the communication was an attempt to collect a debt.

23. Defendant failed to effectively communicate the debtor's validation rights within five days of the initial contact with debtor.

24. Defendant's communications violate the Fair Debt Collection Practices Act.

25. Plaintiff has complied with all conditions precedent to bring this action.

## CAUSE OF ACTION
## COUNT ONE: FAIR DEBT COLLECTION PRACTICES ACT

26. The acts of Defendant constitute violations of the Fair Debt Collection Practices Act.

27. Defendant's violations of the FDCPA include, but are not limited to, the following:

- 4 -

1) The placement of telephone calls without meaningful disclosure of the caller's identity, in violation of 15 U.S.C. § 1692d(6);

2) The use of any false, deceptive, or misleading representations or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e;

3) The failure to disclose in subsequent communications that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11); and

4) The failure to effectively communicate the consumer's validation rights in writing within five days of initial contact with the consumer, in violation of 15 U.S.C. § 1692g(a)(1-5).

28. As a result of Defendant's actions, Plaintiff is entitled to an award of statutory damages, as well as an award of costs and attorney fees.

WHEREFORE, PLAINTIFF RESPECTFULLY PRAYS THAT JUDGMENT BE ENTERED AGAINST DEFENDANT AND IN FAVOR OF PLAINTIFF, AS FOLLOWS:

a) That Plaintiff be awarded statutory damages;

b) That Plaintiff be awarded the expenses of litigation including a reasonable attorney fee;

c) That the Court declare each and every defense raised by Defendant to be insufficient;

d) A trial by jury; and

e) That the Court grant such further and additional relief as is just in the circumstances.

  /s/ Alex MacClenahan
Alex MacClenahan
Federal Bar No.9593
**The MacClenahan Law Firm, LLC**
819 E. North Street
Greenville, SC 29601
(864) 382-3340/Fax: (864) 331-3058
alex@macclenahanlaw.com